

**SO ORDERED.**
**SIGNED this 31st day of May, 2013**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:                                                    No.  12-12454
                                                          Chapter 13

EUGENE NEWTON WHEELER, JR.,

          Debtor.

_Appearances:_

Richard L. Banks, Banks & Associates, P.C., Cleveland, Tennessee, for
          the Debtor

United States Bankruptcy Court
Judge Shelley D. Rucker

## MEMORANDUM AND ORDER

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

### I.      Facts

Quantum3 Group LLC ("Servicer" or "Quantum3"), as servicing agent for Galaxy Asset Purchasing, LLC, its successors and assigns as assignee of Friedman's ("Claimant") filed proof of claim No. 4 on June 23, 2012, in the amount of $221.72. [Doc. No. 4-1]. The Claimant attached a one page statement that provides an account number, the amount of the debt, and the charge-off date of November 30, 1999.  The statement shows Friedman's as the original creditor. The last transaction date is not provided.  The statement has no separate signature which would indicate who is representing these facts.  No writing evidencing the transfer of ownership of the claim from Friedman's to Claimant, and no servicing agreement is attached to the proof of claim. The proof of claim and statement reflect that there is a total balance due of $221.72.  The account principal is $116.36 and the account interest and/or fees are $105.36.  Although the proof of claim directs the Servicer to attach a power of attorney, the Servicer did not attach any power of attorney. No writing evidencing the transfers of ownership nor is an agency agreement attached to the proof of claim.  The documentation which created the obligation between the Debtor and Friedman's is not attached.

The statement also contains information entitled, "*Circumstances Regarding Lost, Destroyed, or Unavailable Writing.*" It states in full:

<u>Credit Card Accounts</u>

The Rules Committee acknowledged regarding F. Rule Bankr. P. 3001:

> Under the federal records retention policies for financial institutions, credit
> card records generally need to be retained for only two (2) years.
> Furthermore, account information is usually stored in an electronic format,
> and it may not be practicable to reproduce a duplicate of an account
> statement…that if there is a less burdensome way for a creditor to provide
> the information needed to assess the validity of its claim, the rule should
> not consist (sic) on an exclusive, more costly, means of providing such
> information.

September 2010 Report to the Judicial Conference, page 12. Since the enactment
of the eGovernment Act of 2002, a vast majority of credit card applications are
entered into over the phone or via the internet without requiring a physical
signature from the individual. The other possible writing reflecting the account
holder's signature consists of the signed plastic card, which is in the holder's
possession, and the numerous sales receipts, which are in the possession of third
party merchants. Third party merchants generally keep the sales slips for a short
period of time in the event the account holder disputes the transaction with the
creditor card company. . . .

<u>Notes Regarding Itemization</u>

1. For credit card accounts, in which interest/fees is folded into principal, if the
   account has been charged-off prior to the bankruptcy filing date, the balance
   principal may be the charged off amount.
2. For credit card accounts, in which interest/fees is folded into principal, if the
   account has been charged-off prior to the bankruptcy filing date, the balance
   interest may be the interest accrued after the charged-off date.  . . .
3. The total balance is the liquidated amount due and owing at the time of
   bankruptcy filing date

Claim No. 4-1, p. 4.

The Debtor did not list any amount of debt owed to Friedman's, the Servicer, or the

Claimant on his bankruptcy schedules. *See* [Doc. No. 1, p. 18-19].  On December 6, 2012, the

Debtor filed his objection to the proof of claim and served the Claimant, providing 30 days'

notice of the hearing. In the objection, the Debtor alleges that the claim should be disallowed

because:

      (a) the claim is time barred from collection by the applicable statute of limitations under

      Tennessee law;

      (b) the interest and fees incurred prepetition are not itemized as required by Fed. R.

      Bankr. P. 3001(c)(2)(A);

      (c)(1) the documentation as to ownership of the claim by the Claimant is not attached to

      the claim;

        (2) Servicer has not attached a power of attorney evidencing its authority; and

     (d) the debt is not scheduled and the Debtor disputes it.

The objection states that the chapter 13 trustee has not paid anything on the claim.  The Debtor

seeks disallowance of the claim in its entirety.

      The hearing on the objection was set originally for January 17, 2013 but was continued

to March 14, 2013.  At a status conference on February 12, 2013, the court requested briefs in

support of the Debtor's objection.  In his Brief the Debtor argues that the failure to provide

supporting documentation raises a legal argument as to "standing/real party in interest."

*Debtor's Brief in Support of His Objection to Claim No. 4 Filed by Quantum3 Group LLC As*

*Agent for Galaxy Asset Purchasing LLC*, 3, ECF No. 35 ("Brief").  He also argues that the

failure to attach a power of attorney raises legal issues of standing, real party in interest and the

validity of the agency relationship. No response has been filed and no one appeared on the

Claimant's behalf at the hearing held on March 14, 2013.  At the March 14, 2013 hearing, the

Debtor's attorney announced the withdrawal of all grounds for disallowance except lack of

documentation of ownership of the claim.

The Debtor filed a Supplemental Brief on April 5, 2013. *Supplemental Brief in Support of Debtor's Objection to Claim and Request that Court Take Judical [sic] Notice of Disallowance of Similar Claims In This Court*, Apr. 5, 2013, ECF No. 37. It included a spreadsheet referencing over 200 proofs of claim which had been disallowed or were under consideration in three divisions of the United States Bankruptcy Court for the Eastern District of Tennessee. Of these, 63 had been filed by Quantum3. The spreadsheet was filed in support of the Debtor's contention that all of these claims were filed without the documentation required by Bankruptcy Rule 3001(c) and are detrimental to the administration of Chapter 13 plans in the system.

## II.        Analysis

The Debtor argues that the failure of the Claimant to attach supporting documents which reflect its ownership of the claim or the executing party's standing to sign the proof of claim are violations of Fed. R. Bank. P. 3001(b) and (c)(1). Since that rule requires the attachment of supporting documents, he argues that the failure to attach any written documents supporting the Claimant's standing as owner of the claim or evidencing the filer's representative authority to execute the proof of claim deprives the proof of claim of the evidentiary presumption that the claim is valid and is owed in the amount stated in the proof of claim. Fed. R. Bankr. P. 3001(e). Without that presumption, the Debtor urges the court to look directly to state law to determine whether the Claimant has the burden of proof to "show an unbroken chain of assignment." Brief at 5. If the Claimant has that burden, then the proof of claim should be disallowed as "insufficient on its face." The Debtor contends that requiring more from the Debtor inappropriately shifts the burden of proof to him and lowers the burden for the Claimant to a level below what state law imposes. Finally, the Debtor urges the court to adopt a rule

requiring appropriate documentation in order to impose a burden on the creditors to discourage

the filing of large numbers of claims which the creditors do not defend and which are ultimately

disallowed. The Debtor notes that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtor's argument, but it is the

minority view. *In re Richter*, 478 B.R. 30 (Bankr. D. Colo. 2012). Because the Sixth Circuit has

signaled its approval of the majority view, the court must reject the Debtor's argument. *B-Line,*

*LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir. 2010). An allegation of lack of

documentation is not a valid objection even if the Debtor re-characterizes it as an objection to

standing.

> A valid objection to standing must raise a factual dispute about
> who is the holder of the claim. The Debtor must allege that, to the
> best of his knowledge, information, and belief, either (a) he owes
> someone else or (b) he does not owe the obligation at all. In
> addition the court does not find support for holding otherwise
> based on the Debtor's desire to impose a heavier burden on
> creditors in order to lighten the Debtor's burden to review the
> proofs of claims which have been filed, especially when the burden
> is imposed by the Bankruptcy Code and Rules.

*In re Gorman*, No. 10-16622, 2013 WL 2284985, at *3 (Bankr. E.D. Tenn. May 23, 2013).

Although the Debtor raised four objections to the proof of claim filed by the Claimant, he

withdrew three of them at the hearing on March 14. The only objection he continued to assert

was the objection based on the Claimant's failure to attach documentation evidencing how it

became the owner of the claim.

For the reasons stated in the court's Memorandum in *In re Gorman*, No. 10-

16622, 2013 WL 2284985, at *5-7 (Bankr. E.D. Tenn. May 23, 2013), which case was argued

contemporaneously with this objection, the court finds that the proof of claim is not entitled to be

considered prima facie evidence of the amount and validity of the claim. There are no

supporting documents evidencing the underlying debt or how Claimant came to be the holder of

the debt.  In addition, the court finds that the explanation offered for the loss or lack of the

supporting documentation for this specific claim is insufficient.  A general discussion about

federal document retention policies is not sufficient to explain why the documents for a

particular debt are unavailable.  It is not even an admission that they are lost. Nevertheless, the

only basis for disallowance raised by the Debtor was the lack of documentation evidencing the

Claimant's standing.  For the reasons stated in *In re Gorman*, that is not a valid basis for

disallowance of the proof of claim under 11 U.S.C. § 502(b).  *In re Gorman*, No. 10-16622, 2013

WL 2284985, at *10-13  (Bankr. E.D. Tenn. May 23, 2013).  The court will overrule the

Debtor's objection based on failure to attach documentation showing that the Claimant is the

holder of the claim.  Because the Debtor requested an opportunity to renew his withdrawn

objections in the event the court overruled his objection based on lack of documentation and

because the Debtor did raise the statute of limitations as a defense, the court will grant that

request.

        Accordingly, it is ORDERED:

        1.   The Objection by Debtor(s) to Claim No. 4 Filed by Quantum3 Group LLC

as Agent for Galaxy Asset Purchasing LLC, with respect to the failure to attach documentation

showing the Claimant as holder of the claim is overruled.

        2.   The Debtor is afforded fourteen days to amend or renew the other bases for

his objection, failing which the objection shall be overruled without prejudice.

# # #